UNITED STATES of America, Appellee,

v.

5.20 ACRES OF LAND, MORE OR LESS, Situate IN the TOWN OF NIAGARA, COUNTY OF NIAGARA, STATE OF NEW YORK, and Miller Road Properties, Inc., Appellant.

No. 129, Docket 71-1265.

United States Court of Appeals, Second Circuit.

Argued Oct. 12, 1971.

Decided Oct. 26, 1971.

Eva R. Datz, Atty., Dept. of Justice, Washington, D. C. (George R. Hyde and William F. Smith, Attys., Dept. of Justice, Shiro Kashiwa, Asst. Atty. Gen., Washington, D. C., H. Kenneth Schroeder, Jr., U. S. Atty., and C. Donald O'Connor, Asst. U. S. Atty., Buffalo, N. Y., of counsel), for appellee.

A. Russell Leone, Niagara Falls, N. Y., for appellant.

Before FRIENDLY, Chief Judge, CLARK, Associate Justice Retired,* and KAUFMAN, Circuit Judge.

### PER CURIAM:

This appeal stems from a declaration by the United States taking an easement on a tract of some five acres owned by Miller Road Properties, Inc. The easement on this property, which abuts Tuscarora Road in Niagara County, New York, was sought for use in connection with certain military facilities at the Niagara Falls Municipal Airport. The easement taken was described as follows:

(a) A perpetual and assignable easement for the establishment, maintenance, operation and use for a restricted area in, on, across, and over the land.

(b) The right to prohibit human habitation.

(c) The right to remove buildings presently or hereafter being used for human habitation.

(d) The right to prohibit gatherings of more than twenty-five (25) persons.

(e) The right to post signs indicating the nature and extent of the Government's control.

(f) The right of ingress and egress over and across said land for the purpose of exercising the rights set forth herein.

(g) Subject to existing easements for public roads and highways, public utilities, railroads and pipelines.

RESERVING, HOWEVER, to the landowners, their heirs, executors, administrators, successors and assigns, all right, title, interest, and privilege as may be exercised and enjoyed without interference with or abridgment of the easements and rights hereby taken for said public uses.

Finding that the highest and best use of the property was industrial, the District Court for the Western District of New York fixed compensation, on the basis of comparable sales of nearby land, in the sum of $8,841.15.

The appellant landowner attacks this award as unfairly low. Its principal contention was that the acreage over which the easement was taken was a part of a 179 acre tract which the landowner was using as a drag strip racing track and afforded the only means presently available for ingress and egress. It contended that the proper measure of damages was the diminution of value to the entire tract caused by the loss of this access and the consequent need to construct new access roads on the other side of the property.

Whatever the rights and wrongs of this claim might otherwise be, the issue has been eliminated by Government's unequivocal statements, in brief and at oral argument, that the easement taken does not "limit people entering or leaving the property". In answer to questions from the bench, Government counsel stated specifically that the United

---

* Of the Supreme Court of the United States, sitting by designation.

States did not consider that paragraph (d) quoted above would prohibit use of the access roads even if cars with more than 25 passengers should be within the area over which the easement was taken at any one time. "Gatherings", in other words, means gatherings, not the happenstance aggregation of more than 25 persons going to or coming from the racetrack.

In light of this construction of the declaration of taking, which we adopt, the only remaining issue is whether the district court committed clear error in fixing $8,841.15 as reasonable compensation for the loss of opportunity to include this strip in an eventual industrial use or a sale for that purpose. On that basis the award was well within the bounds of reason. Phillips v. United States, 148 F.2d 714, 717 (2 Cir. 1945); United States v. 63.04 Acres of Land, 245 F.2d 140, 144 (2 Cir. 1957).

Affirmed.